IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| JUBAL BRYAN, | : |  |
|---|---|---|
| Petitioner, | : |  |
| VS. | : | **1 : 10-CV-78 (WLS)** |
| JAMES CAMON, Superintendent, | : |  |
| Respondent. | : |  |

# RECOMMENDATION

Presently pending in this federal habeas petition is the Respondent's Motion to Dismiss for Lack of Exhaustion. (Doc. 9). The Petitioner challenges his September 2009 probation revocation, which resulted in an order for Petitioner to serve 24 to 30 months. (Doc. 9-1). The Respondent maintains that Petitioner's grounds for relief have not been fairly presented to the state courts for review, as Petitioner has not filed a state habeas petition to challenge his probation revocation. Petitioner has not responded to the Respondent's Motion to Dismiss, although he does admit in his petition that he has not exhausted his claims. (Doc. 1).

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts

necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978). State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory." *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981).

Inasmuch as the Petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 18th day of April, 2011.

s/ **THOMAS Q. LANGSTAFF**

UNITED STATES MAGISTRATE JUDGE

asb